NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HEATHER ANN TRAPP, *Appellant.*

No. 1 CA-CR 20-0508
FILED 7-8-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-006284-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge David D. Weinzweig joined.

**G A S S**, Judge:

¶1        Heather Ann Trapp filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Trapp's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Trapp was given an opportunity to file a supplemental brief *in propria persona*. She has not done so. Finding no error in the record, we affirm Trapp's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Trapp. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        On March 18, 2018, Mesa Police Department dispatched officers to perform a welfare check on a woman slumped over in a vehicle. Upon arriving, an officer saw the vehicle's headlights were on, both driver's side doors were open, and the engine was running. Trapp was asleep in a reclined position in the vehicle's driver's seat. The officer woke Trapp by calling out to her and shining a flashlight. Trapp was groggy, had slurred speech and bloodshot eyes, and smelled of alcohol. Trapp told the officer "she had a couple shots of vodka" and was returning home.

¶4        Officers arrested Trapp on suspicion of driving under the influence (DUI). During an inventory search of the vehicle, officers found three bottles of vodka: a nearly empty bottle in the backseat, a full bottle in the passenger side, and an empty individual-sized bottle on the floor of the driver's side. Trapp consented to a blood draw. Blood tests revealed she had a .201 blood alcohol concentration level. At the time of her arrest, Trapp's driver's license was suspended. She also had two previous DUI convictions within the preceding nine months.

¶5        Trapp was charged with four separate counts of DUI. *See* A.R.S. §§ 28-1381.A.1–2, -1383.A.1–2. Following a three-day trial, the jury convicted Trapp on all four counts. The superior court sentenced Trapp to four months imprisonment on each count, to run concurrently, with presentence incarceration credit of thirty-four days, followed by three years supervised probation. Trapp timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

**¶6** This court has read and considered counsel's brief and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

**¶7** All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record shows Trapp was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of eight jurors and at least two alternates. *See* A.R.S. § 21-102.B. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Trapp's presumed innocence. Additionally, Trapp was given an opportunity to speak at sentencing, and the sentences imposed are within statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(b)(1); A.R.S. §§ 28-1383.D; 13-902.B.2; 13-702.D.

## CONCLUSION

**¶8** Trapp's convictions and sentences are affirmed.

**¶9** Defense counsel's obligations pertaining to Trapp's representation in this appeal have ended. Defense counsel need do no more than inform Trapp of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶10** Trapp has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Trapp thirty days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.

